# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANNE LEVINGSTON,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHNSON, et al.,<br><br>        Defendants. | Case No. 1:14-cv-00287 DLB PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO FOLLOW COURT ORDER AND FAILURE TO PROSECUTE |

Plaintiff Dianne Levingston ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on October 3, 2013.

On July 31, 2014, the Court screened Plaintiff's complaint and dismissed it with leave to amend. The Court instructed Plaintiff to file an amended complaint within thirty (30) days.

On September 17, 2014, after the time for filing an amended complaint had passed, the Court issued an order to show cause why the action should not be dismissed for failure to follow a Court order and failure to prosecute. Plaintiff was ordered to file a response within thirty (30) days of the date of service. Over thirty (30) days have passed and Plaintiff has not filed a response or otherwise contacted the Court.

As a result, there is no pleading on file which sets forth any claims upon which relief may be granted.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case was originally filed in October 2013, and was transferred to this Court on February 24, 2014. The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. Further, the opposing party is necessarily prejudiced when he is unaware of an action against him.

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228.

Finally, Plaintiff was warned of the consequences of failing to respond to the Court's order. The September 17, 2014, order to show cause specifically stated that the "failure to show cause, or failure to respond to this order, may result in dismissal of this action."

Accordingly, this action is DISMISSED based on Plaintiff's failure to prosecute and failure to follow a Court order. Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated: **November 6, 2014**         /s/ *Dennis L. Beck*
                                  UNITED STATES MAGISTRATE JUDGE